IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ADOLFO YBARRA, JR., ) <br> Institutional ID No. 118322, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUBBOCK POLICE DEPT. #1 OFFICER, ) <br> et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 5:14-CV-164-C <br><br> ECF |

**ORDER**

The United States Magistrate Judge entered a Report and Recommendation on April 5, 2016, and as of this date, no objections have been filed of record.

The undersigned Senior United States District Judge has made an independent examination of the record in this case and has examined the findings, conclusions, and recommendations of the Magistrate Judge. The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge that Plaintiff's claims against Defendants Criner and Goolsby for false arrest and excessive use of force should proceed through the course of litigation. However, for the reasons set forth below, the Court declines to adopt the recommendation that a scheduling order be entered at this time.

As noted in the Report and Recommendation, both Defendants Criner and Goolsby have asserted *inter alia* the defense of qualified immunity. Qualified immunity is designed to protect a governmental official from liability for damages in his/her individual capacity unless it is established that the conduct of such official violated clearly established rights of a plaintiff of which the official knew or should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Qualified immunity not only protects a governmental employee from liability for damages, but protects the employee from the time and expense of discovery as well.

Therefore, before entering a scheduling order in this case, the court will first determine whether Defendants are entitled to the defense of qualified immunity. Because discovery cannot begin until the issue of qualified immunity is addressed, Defendants will be required to file a motion for summary judgment based on qualified immunity. Plaintiff is reminded that this affirmative defense shifts the burden to him to show that the defendant who asserts such a defense is not entitled to it. *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007), and *Gates v. Texas Dep't of Prot. and Reg. Serv.*, 537 F.3d 404, 418-19 (5th Cir. 2008).

IT IS THEREFORE ORDERED that within forty-five (45) days of the date of this order, Defendants Justin Criner and Joel Goolsby will file a motion for summary judgment relating to the issue of qualified immunity. Plaintiff's reply, if any, shall be filed within thirty (30) days from the date shown on Defendants' certificate of service.[1]

IT IS FURTHER ORDERED that any discovery pertaining to claims against Defendants Justin Criner and Joel Goolsby, not related to the issue of qualified immunity, is STAYED until the issue of qualified immunity has been decided by the Court, at which time the stay will be automatically lifted without further order.

IT IS FURTHER ORDERED that the style of the instant case shall henceforth be changed to *Adolfo Ybarra, Jr. v. Justin Criner, et al.*[2]

Dated January 6, 2017.

SAM R. CUMMINGS
Senior United States District Judge

---

[1] After the issue of qualified immunity is resolved, an additional summary judgment motion on any or all remaining issues may be filed if need be. See LR 56.2(b).

[2] As the Defendants "Lubbock Police Dept #1 Officer" and "Lubbock Police Dept Officer #2" have been identified as Justin Criner and Joel Goolsby, the Clerk is directed to update the docket to reflect that "Lubbock Police Dept #1 Officer" and "Lubbock Police Dept Officer #2" are no longer Defendants in this case.